FILED
2023 May-01  PM 12:09
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| Reginald Prince, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 7:20-cv-08031-LSC |
| v. | ) | 7:18-cr-00399-LSC |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OF OPINION

Pursuant to 28 U.S.C. § 2255 ("§ 2255"), Reginald Prince ("Prince") filed with the Clerk of this Court a motion to vacate, set aside, or otherwise correct his sentence. (Doc. 1.) The United States responded in opposition to the motion. (Doc. 3.) For the following reasons, Prince's § 2255 motion is due to be dismissed.

## I. BACKGROUND

In August 2018, a grand jury indicted Prince on the following four counts: Count I—distribution and possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); Count II—distribution and possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D); Count III—possession of

a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A); Count IV—possession of a firearm after having been convicted of qualifying felony offenses in violation of 18 U.S.C. § 922(g)(1). (Cr. Doc 1.)

In December 2018, Prince entered into, and this Court accepted, a guilty plea as to Counts I, III, and IV. (Cr. Doc. 15.) The government agreed to dismiss Count II. (*Id.*) In April 2019, the Court sentenced Prince to 120 months of imprisonment with a term of supervised release to follow. (Cr. Doc. 21.)

The Court accepts Prince's claim that he mailed his § 2255 motion on April 10, 2020 (doc. 1 at 17), which entails that the motion is timely. *See* 28 U.S.C. § 2255(f)(1). By all accounts, Prince has not filed a prior § 2255 motion, so it is not "second or successive" within the meaning of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A).  Because Prince is a *pro se* litigant, the Court liberally construes his pleadings. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

## II.   STANDARD OF REVIEW

Because collateral review is not a substitute for direct appeal, the

grounds for collateral attack on final judgments pursuant to 28 U.S.C. § 2255 are limited. A petitioner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)).

In litigation stemming from a § 2255 motion, "[a] hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the [movant's] allegations are affirmatively contradicted by the record." *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (quoting *Guerra v. United States*, 588 F.2d 519, 520–21 (5th Cir. 1979)). However,

an evidentiary hearing is appropriate if, "accept[ing] all of the petitioner's alleged facts as true," the movant has "allege[d] facts which, if proven, would entitle him to relief." *Diaz v. United States*, 930 F.2d 832, 834 (11th Cir. 1991) (quoting *Agan v. Dugger*, 835 F.2d 1337, 1338 (11th Cir. 1987) and *Futch v. Dugger*, 874 F.2d 1483, 1485 (11th Cir. 1989)).

## III.   DISCUSSION

In his § 2255 motion, Prince claims that his attorney violated his right to effective assistance of counsel in three ways. First, Prince argues that his attorney should have objected to the 18 U.S.C. § 922(g)(1) charge because Prince was not previously convicted of a violent felony. Second, Prince argues that his attorney should have objected to the 18 U.S.C. § 924(c) charge because 21 U.S.C. § 841(a)(1) does not qualify as a drug trafficking crime. Third, Prince argues that his attorney should have objected to the term "excessive use of alcohol" in the Court's standard conditions of supervised release as this phrase is too vague. Each of these arguments is without merit.

Claims of ineffective assistance of counsel may be raised for the first time in a § 2255 motion and are therefore not subject to a procedural bar for failing to raise them on direct appeal. *See Massaro v. United States*,

538 U.S. 500, 504 (2003). An ineffective assistance of counsel claim has two components: first, the petitioner "must show that the counsel's performance was deficient;" second, the petitioner "must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the first component, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The second component is satisfied only when the defendant shows that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

In examining counsel's performance, the Court should be "highly deferential." *Id.* at 689. The Court must make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* The Court must also "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*; *see also Bell v. Cone*, 535 U.S. 685, 702 (2002) (holding that "tactical decision[s] about which competent lawyers might disagree" do not qualify as objectively

unreasonable). A petitioner who seeks to overcome this presumption does not carry his burden by offering bare accusations and complaints; rather, he "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690.

Where a petitioner fails to show that his counsel's performance fell below an objective standard of reasonableness, the court need not address the issue of prejudice. *See Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000). Where the court does consider this prong, the petitioner must show that counsel's errors were prejudicial and "deprive[d] the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. This burden is met by establishing by a reasonable probability that the outcome of the proceeding would have been different but for counsel's errors. *See Williams v. Threatt*, 529 U.S. 362, 391–93 (2000); *Strickland*, 466 U.S. at 691.

To establish prejudice in the context of a guilty plea, a movant must establish that, but for his counsel's unprofessional errors, "he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 53, 59 (1985). In the guilty plea context, there is a

strong presumption that an attorney's actions are reasonable. *Arvelo v. Sec'y, Fla. Dep't of Corr.*, 788 F.3d 1345, 1348–49 (11th Cir. 2015). "We recognize that in deciding whether to enter a plea, defense lawyers carefully balance both 'opportunities and risks' without fully knowing the strength of the [prosecution's] case. Therefore, we must, as we do for all *Strickland* claims, afford 'substantial deference' to a lawyer's strategic choices." *Id.* (citing *Premo v. Moore*, 562 U.S. 115, 124 (2011)). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690–91. The defendant must show "that no competent counsel would have taken the action that his counsel did take." *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc).

Prince claims that he could not have violated 18 U.S.C. § 922(g)(1) because his prior state court felonies were not violent felonies. 18 U.S.C. § 922(g)(1) provides in relevant part: "It shall be unlawful for any person who has been convicted in any court of, a crime punishable by

imprisonment for a term exceeding one year . . . [to] possess in or affecting commerce, any firearm . . . ." Thus, one can violate this statute without having been convicted of a violent felony.  In his plea agreement, Prince stipulated that the following facts are substantially correct:

> The defendant was convicted on or about June 26, 2015, in the Circuit Court of Tuscaloosa County, Alabama, of the offenses of Possession of Marijuana, First Degree, and two counts of Unlawful Distribution of a Controlled Substance, in case numbers CC-2015-1528, CC-2015-1529 and CC-2015-1532, respectively, each of the said offenses being a crime punishable by imprisonment for a term exceeding one year, and knows he is prohibited from possessing a firearm. However, the defendant possessed the firearm for his protection while conducting drug transactions.

(Cr. Doc. 15 at 5.) Accordingly, as Prince acknowledged that he was a felon in possession of a firearm, Prince's attorney did not render ineffective assistance of counsel by failing to object to the 18 U.S.C. § 922(g)(1) charge.

Prince's second argument is also meritless. Under 18 U.S.C. § 924(c)(2), "the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . ."  Prince does not deny that he violated 21 U.S.C. § 841(a)(1); therefore, he committed a drug trafficking crime as defined by 18 U.S.C. § 924(c)(2).

As a result, Prince's attorney did not render ineffective assistance of counsel by failing to object to the 18 U.S.C. § 924(c) charge.

Prince's third and final argument likewise fails because his attorney was not ineffective for failing to object to the phrase "excessive use of alcohol" in the Court's standard conditions of supervised release. (Cr. Doc. 21 at 3.) The Court recognizes that the Seventh Circuit considers this phrase "impermissibly vague." *See United States v. Hudson*, 908 F.3d 1083, 1084 (7th Cir. 2018). The Eleventh Circuit, however, has not followed suit, so the Court cannot say that Prince's attorney was constitutionally inadequate for failing to object to a standard condition of supervised release in this district. *See Hubbard v. Haley*, 317 F.3d 1245, 1259 (11th Cir. 2003) ("[T]he Supreme Court has recognized that defense counsel, in defending their client's interests, need not urge every conceivable objection the law would provide."). Moreover, the Court notes (and Prince's attorney likely understood) that Prince can challenge the conditions of his supervised release when his term begins and if he finds such conditions objectionable at that time. Accordingly, Prince has not demonstrated "that no competent counsel would have taken the action that his counsel did take." *Chandler*, 218

F.3d at 1315.

## IV. CONCLUSION

For the foregoing reasons, Prince's § 2255 motion to vacate, set aside, or correct a sentence is due to be dismissed. Rule 11 of the Rules Governing § 2255 Proceedings requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See* Rule 11, Rules Governing § 2255 Proceedings. This Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-EL v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack*, 529 U.S. at 484). This Court finds that Prince's claims do not satisfy either standard. The Court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** on May 1, 2023.

L. Scott Coogler
United States District Judge

211211